# NO. 12-22-00072-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOHN SANDOVAL,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

John Sandoval appeals following the revocation of his deferred adjudication community supervision. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with burglary of a habitation and pleaded "guilty." The trial court deferred finding Appellant "guilty" and placed him on community supervision for six years.

Subsequently, the State filed a motion to revoke Appellant's community supervision and to adjudicate guilt, alleging that Appellant violated certain terms and conditions of his community supervision. Specifically, the State contended that Appellant violated the terms of his community supervision as follows: (1) he failed to report as directed by the Supervision Officer on December 30, 2021; (2) he failed to obey all rules and regulations of the Community Supervision and Corrections Department on January 6, 2022, by using profane and threatening language toward his supervision officer; (3) he left Smith County on or about December 20, 2021, and traveled to Ector County, without the travel permission of the court or supervision

officer; (4) he failed to pay the urinalysis monthly service fee for the months of October and December 2021; (5) he failed to provide valid employment information of a job change on December 29, 2021; (6) he failed to pay the $60 per month supervision fee to the Smith County Supervision and Corrections Department for the months of April, May, June, August, October, and December 2021; (7) he failed to pay a $15 fee for the cost of the Substance Abuse Questionnaire; (8) he failed to pay $100 for the preparation of the presentence report; and (9) he failed to pay $10 per month toward outstanding pretrial supervision fees for the months of April through December 2021.

A hearing was conducted on the State's motion, at which Appellant pleaded "true" to the violations alleged therein. In support of its motion, the State elicited testimony from, among others, La'Mia Prymus, the Smith County 7th District Court liaison to the Smith County Community Supervision Department and Appellant's community supervision officer. Prymus testified regarding several of the violations referenced in the State's motion, including his failure to report on January 3, 2022.

At the conclusion of the hearing, the trial court found that Appellant violated the terms and conditions of his community supervision as alleged in the State's motion. Thereafter, it revoked Appellant's community supervision, adjudicated him "guilty" of burglary of a habitation, and sentenced him to imprisonment for nine years. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with ***Anders v. California*** and ***Gainous v. State***. Appellant's counsel states that she diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. She further relates that she is well acquainted with the facts in this case. In compliance with ***Anders*, *Gainous***, and ***High v. State***, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[1] We likewise reviewed the record for reversible error and found none.

---

[1] In compliance with ***Kelly v. State***, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of her motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See **Kelly v. State**, 436 S.W.3d

As required by **Stafford v. State**, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw.  *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding).  We carried the motion for consideration with the merits.  Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby **granted** and the trial court's judgment is **affirmed**.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review.  *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35.  Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he either must retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the day the last timely motion for rehearing is overruled by this court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3(a).  Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.  *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered January 19, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

313, 319 (Tex. Crim. App. 2014).  Appellant was given time to file his own brief. The time for filing such a brief has expired and no pro se brief has been filed.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 19, 2023**

**NO. 12-22-00072-CR**

**JOHN SANDOVAL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1030-20)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*